IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHELLE HOLLIS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:16CV1447 |
| ALSTON PERSONAL CARE SERVICES, LLC, and TINY MICHELLE VANHOY, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before the court is the Motion to Conditionally Certify Collective Action, Approve Notice and Expedited Consideration filed by Plaintiff Michelle Hollis ("Plaintiff"). (Doc. 12.) Defendants Alston Personal Care Services, LLC ("Alston") and Tina Vanhoy ("Vanhoy") (collectively, "Defendants") have responded (Doc. 20), and Plaintiff has replied (Doc. 25). The matter is ripe for review and, for the reasons stated herein, this court will grant Plaintiff's motion in part.

I. **BACKGROUND**

   A. **Facts and Procedural Background**

According to its website, Alston "provides patients with a broad range of medical care services in the comfort of their homes." (Pl.'s Mem. of Law in Supp. of Mot. to Conditionally Certify Collection Action ("Pl.'s Br."), Ex B (Doc. 13-2) at 3.)[1] Vanhoy is Alston's "owner and managing member." (Pl.'s Collective/Class Action Complaint ("Compl.") (Doc. 1) ¶ 11.) Plaintiff worked at Alston's Forsyth County location "from approximately June 12, 2013 through approximately October 21, 2016 as a home healthcare worker who provided companionship services." (Id. ¶ 3.)

Plaintiff alleges that her "hours varied from week to week in 2015 and 2016, but she regularly worked more than 40 hours a week, including some weeks in which she worked in excess of 62 hours." (Id. ¶ 4.) Plaintiff alleges that, "[d]espite her overtime work, she was not properly compensated for all overtime hours worked in excess of 40 hours per week for work performed from January 1, 2015 to October 21, 2016." (Id. ¶ 5.)

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

**B. Claims**

Plaintiff brings two claims "on behalf of herself and all other similarly situated individuals." (Id. ¶¶ 6, 7.) Plaintiff brings her first claim under 29 U.S.C. § 207, alleging that "Defendants suffered and permitted Plaintiff and the FLSA Collective to routinely work more than 40 hours in a workweek without proper overtime compensation . . . ." (Id. ¶¶ 63, 64.) Plaintiff brings her second claim under N.C. Gen Stat. § 95-25.4 making the same allegations. (Id. ¶¶ 69, 70.)

In seeking relief, Plaintiff requests "[a]n award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages." (Id. at 15.) Plaintiff also seeks "[a]n award of prejudgment interest" and "[a]n award of reasonable attorneys' fees and costs." (Id. at 16.)

**C. Class Definition**

Plaintiff defines the class, or collective under the Fair Labor Standards Act ("FLSA"), to be certified as "[a]ll current or former home healthcare workers employed by Alston Personal Care Services, LLC and Tina Michelle Vanhoy from January 1, 2015 to the present." (Id. ¶¶ 27, 28.)

**II. LEGAL STANDARD**

The FLSA provides that an action for unpaid overtime wages can be brought "by any one or more employees for and in behalf

- 3 -

of himself or themselves and other employees similarly situated," but that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); see <u>Sheffield v. BB&T Corp.</u>, No. 7:16-CV-332-BO, 2017 WL 1831091, at *1 (E.D.N.C. May 4, 2017); <u>Rosinbaum v. Flowers Foods, Inc.</u>, No. 7:16-CV-233-FL, 2017 WL 818323, at *3 (E.D.N.C. Mar. 1, 2017).

"Courts employ a two-stage certification procedure for FLSA collective actions." <u>Solais v. Vesuvio's II Pizza & Grill, Inc.</u>, 1:15CV227, 2016 WL 1057038, at *5 (M.D.N.C. Mar. 14, 2016).

> At the first stage, known as conditional certification, "the court determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." Although "not a rubber-stamp approach," the conditional certification standard is "fairly lenient[:]" the plaintiff "need only make a relatively modest factual showing that a common policy, scheme or plan that violated the law exists." Moreover, when evaluating conditional certification, "the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations."

<u>Solais</u>, 2016 WL 1057038, at *6 (citing <u>Adams v. Citicorp Credit Servs., Inc.</u>, 93 F. Supp. 3d 441, 453, 454 (M.D.N.C. 2015)). "The second stage, known as decertification, only occurs if a defendant, usually after discovery is virtually complete, moves to decertify a conditionally certified class." <u>Id.</u> at *6 n.7

- 4 -

(internal quotation marks omitted); Clark v. Wells Fargo Fin., Inc., No. 1:08CV343, 2008 WL 4787444, at *4 (M.D.N.C. Oct. 30, 2008).

"Determining whether a collective action under section 216(b) is appropriate involves a two-step process. First, the court makes an initial determination, based on the pleadings and any affidavits submitted by the parties, whether the plaintiffs in the proposed collective action are similarly situated. This first determination is made at the so-called 'notice stage,' and the standard is lenient." Clark, 2008 WL 4787444, at *4.

**III. ANALYSIS**

    **A.**   **Plaintiff's Motion**

Plaintiff relies upon her complaint and affidavit in establishing the propriety of class certification, (see generally Compl. (Doc. 1) and Pl.'s Br., Ex. D, Declaration of Michelle Hollis ("Pl.'s Decl.") (Doc. 13-4)), in arguing that "Defendant violated the FLSA and NCWHA [North Carolina Wage and Hour Act] by misclassifying her and other healthcare workers as exempt from the overtime pay requirements of these laws." (Pl.'s Br. (Doc. 13) at 3.) Defendants respond "Plaintiff fails to show Alston had a common policy or plan that violated the law or that she is similarly situated to the proposed class — made of individuals with different positions, job duties and supervisors

- 5 -

across five counties — that she seeks to represent." (Defs.' Resp. in Opp'n to Pl.'s Mot. to Conditionally Certify Collective Action ("Defs.' Resp.") (Doc. 20) at 1.)

Defendants first object to parts of Plaintiff's supporting declaration, contending that it constitutes "blatantly inadmissible hearsay." (Id. at 9.) For example, Plaintiff alleges in her affidavit that "[o]ther home healthcare workers also worked well over forty (40) hours per week . . . and Defendants did not pay them any overtime wages . . . . I know this because I have had discussions with other home healthcare workers . . . ." (Pl.'s Decl. (Doc. 13-4) ¶ 11.)

Contrary to Defendants' position, "courts in the Fourth Circuit that have addressed the issue have held that hearsay evidence in an affidavit supporting a motion for conditional certification may be considered so long as it is based on personal knowledge." McCoy v. RP, Inc., C.A. No. 2:14-CV-3171-PMD, 2015 WL 6157306, at *3 (D.S.C. Oct. 19, 2015) (citing Robinson v. Empire Equity Grp., Inc., Civil No. WDQ-09-1603, 2009 WL 4018560, at *3 (D. Md. Nov. 18, 2009)). As noted in Robinson, hearsay in supporting affidavits "is appropriate given the 'modest factual support' required at this stage." McCoy, 2015 WL 6157306, at *8 (internal quotation marks and citation omitted). Here, Plaintiff's affidavit includes facts which are

- 6 -

clearly hearsay ("I know this because I have had discussions with other home healthcare workers"). (Pl.'s Decl. (Doc. 13-4) ¶ 11.) Nevertheless, like the facts in Robinson, Plaintiff claims to have spoken to these other, similarly-situated employees, making their claims of failure to pay overtime within the knowledge of Plaintiff. Because Plaintiff's source of the relevant information is her own personal knowledge of the alleged statements of other employees, this court finds that it may consider evidence contained in Plaintiff's declaration that may otherwise be considered hearsay. McCoy, 2015 WL 6157306, at *3. Any prejudice in considering the hearsay at this stage is further reduced by the fact Defendants do appear to acknowledge that 34 employees worked more than 40 hours per week, at least according to the time cards submitted, (Defs.' Resp., Ex. 1, Affidavit of Tamika Alston ("Tamika Alston Aff.") (Doc. 20-2) ¶ 15), and it does not appear overtime was paid.

This court therefore preliminarily finds, in light of the modest standard applicable, that there are employees in similar positions to Plaintiff who worked more than 40 hours in certain workweeks and who were not paid any overtime for those hours over 40.

Plaintiff's burden at this stage requires only "a relatively modest factual showing that a common policy, scheme

- 7 -

or plan that violated the law exists." Adams, 93 F. Supp. 3d at 453). Plaintiff's declaration generally alleges a policy or plan that Defendants allowed employees to work more than 40 hours in a workweek without paying overtime wages to her or to other employees working in her role or in roles with job descriptions similar to hers. (See Pl.'s Decl. (Doc. 13-4) ¶¶ 1-11.) Defendants argue that Plaintiff "has not presented any evidence showing that she and these unidentified individuals are similarly situated to her" and that "Plaintiff's and the putative class members' supposed claims would necessitate personalized and fact-specific inquiries into each individual's claims to determine both lability and damages." (Defs.' Resp. (Doc. 20) at 12-13.) Specifically, Defendants argue that "the putative class members' supposed claims would necessitate personalized and fact-specific inquiries into each individual's claims to determine both liability and damages," at least partially due to alleged time sheet fraud by the employees. (Id. at 13-15.)

Here, the Complaint (Doc. 1), the Answer (Doc. 16), and the Declaration filed by Plaintiff (Doc. 13-4), and the Affidavit filed by Tamika Alston (Doc. 20-2) all lead this court to conclude collective certification is appropriate. First, by Defendants' own admission, 34 employees did work more than 40

- 8 -

hours per week, at least according to the time cards submitted. (Tamika Alston Aff. (Doc. 20-2) ¶ 15.) Plaintiff alleges that Defendants did not pay these employees their due overtime wages. (Pl.'s Decl. (Doc. 13-4) ¶ 11.) In response, Defendants do not allege that they paid overtime wages to any of the 34 employees who worked over 40 hours in a week. However, Defendants do allege "some degree of timecard fraud . . . with regard to every single one of the fourteen Forsyth County employee[s] who purported to work over forty (40) hours in a given workweek from 2015 to 2016." (See Tamika Alston Aff. (Doc. 20-2) ¶¶ 15-16, 33.) Defendants' argument that erroneous and perhaps fraudulent time card submission was widespread, certainly could prove to make the collective claim ultimately unmanageable.

However, other federal courts within the Fourth Circuit have recently outlined that an FLSA class plaintiff "must raise a similar legal issue as to . . . nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." Rosinbaum, 2017 WL 818323, at *4 (collecting cases). Another court within this district, when granting a group of plaintiffs' motion for certification for a class (notably including "other workers with similar duties, hours, and compensation

experiences"), found that arguments similar to Defendants "'[d]elve[d] too deeply into the merits of the dispute; such a steep plunge is inappropriate for such an early stage of a FLSA collective action.'" Solais, 2016 WL 1057038, at *6-7 (quoting Essame v. SSC Laurel Operating Co. LLC, 847 F. Supp. 2d 821, 826 (D. Md. 2012)); see Adams, 93 F. Supp. 3d at 454 ("[T]he Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations at the conditional certification stage."). This court finds the above logic persuasive and declines to find that Defendants' potential defenses to the merits of Plaintiff's claim, namely, the allegations of time card fraud, see id., make the class unmanageable at this preliminary stage. Here, "[t]he crux of the matter is whether Plaintiffs have made a modest factual showing that they were victims of a common policy or scheme that contravenes the FLSA." Solais, 2016 WL 1057038, at *7.

This court finds that Plaintiff has made the "relatively modest factual showing that a common policy, scheme, or plan that violated the law exists." Adams, 93 F. Supp. 3d at 453 (internal punctuation marks omitted). Specifically, Plaintiff alleges that Defendants had a "common policy" of refusing to pay overtime wages to employees who worked over 40 hours per week by providing outpatient-type care to the company's clients. (See

Pl.'s Decl. (Doc. 13-4) ¶¶ 1-11.) "As such, they were subject to the same payroll policies and practices of which Named Plaintiff complaints" – here, failure to pay overtime wages for hours worked over 40 per week. Hall v. Higher One Machines, Inc., No. 5-15-CV-670-F, 2016 WL 5416582, at *5 (E.D.N.C. Sept. 26, 2016); see Mendoza v. Mo's Fisherman Exch., Inc., Civil Action No. ELH-15-1427, 2016 WL 3440007, at *18 (D. Md. June 22, 2016). This court will grant Plaintiff's motion to conditionally certify collective action, as it pertains to certifying the proposed class, albeit, a smaller class than requested.

Plaintiff's claim is based upon a single alleged violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), which is the failure to pay overtime for more than 40 hours worked in one week. More specifically, Plaintiff alleges that beginning January 1, 2015, domestic-service workers employed by third-party agencies or employers were not exempt from the FLSA and NCWHA overtime requirements. Plaintiff alleges the common characteristic between Plaintiff and the FLSA Collective is that they "have routinely worked in excess of 40 hours per workweek without receiving proper overtime compensation for their overtime hours worked." (Compl. (Doc. 1) ¶ 45.) Plaintiff does not allege that all employees of Defendants have routinely worked more than 40 hours per workweek, nor is there any

- 11 -

suggestion of any issue that may have extended to all employees of Defendants such as routine understatement of hours worked. In response to Plaintiff's claims, Defendants have identified a total of 34 employees who submitted time cards reflecting more than 40 hours of work during a workweek for the time period since January 1, 2015. (Tamika Alston Aff. (Doc. 20-2) ¶ 15.) While Plaintiff is not bound to that response and may determine otherwise during discovery, in light of Defendants' disclosure, this court does not find it necessary to include all of Defendants' employees in the collective notice requested, but instead at this stage, the notice will be limited to the 34 employees who may have submitted time cards reflecting more than 40 hours of work in one week. Plaintiff's motion will be denied to the extent it requests inclusion of all employees of Defendants.

### B. Notice Format

Plaintiff attached her proposed Notice to the present motion as "Exhibit F" (Doc. 13-6) and outlined her proposed method of circulating the Notice to potential opt-in Plaintiffs. (Pl.'s Br. (Doc. 13) at 9-18.) Defendants argue that "to the extent the Court approves all or some of Plaintiff's request for conditional certification, Plaintiff's proposed Notice forms should be modified in a number of key respects" and delineates

eight separate objections to Plaintiff's proposed Notice. (Defs.' Resp. (Doc. 20) at 17-20.) In reply, "Plaintiff respectfully submits that the parties should be ordered to meet and confer in an effort to reach an agreement on the form and content of the notice documents should this Court grant conditional certification." (Pl.'s Reply (Doc. 25) at 5.) Plaintiff does not presently dispute Defendants' assertion that only 34 employees worked over 40 hours in a week during the relevant time period. (See id. at 1-5.)

"Courts have discretion to facilitate notice to potential plaintiffs in appropriate cases. In facilitating such notice under the FLSA, courts also have broad discretion regarding the details of the notice sent to potential opt-in plaintiffs." Beasley v. Custom Commc'ns, Inc., No. 5:15-CV-583-F, 2016 WL 5468255, at *6 (E.D.N.C. Sept. 28, 2016) (internal quotation marks and citation omitted); see Davis v. BT Americas Inc., Case No. 2:16cv206, 2016 WL 7131981, at *4 (E.D. Va. Nov. 9, 2016), report and recommendation adopted, Case No. 2:16cv206, 2016 WL 7131499 (E.D. Va. Dec. 6, 2016). As Plaintiff has not disputed that only 34 employees worked over 40 hours during the relevant time period, this court finds that Plaintiff need only send Notice to those 34 employees. See Ware v. AUS, Inc., Civil Action No. RDB-16-3909, 2017 WL 1354143, at *4 (D. Md. Apr. 13,

- 13 -

2017); Arnold v. Acappella, LLC, Civil No. BPG-15-3001, 2016 WL 5454541, at *5 (D. Md. Sept. 29, 2016).

In fairness to potential claimants, the proposed notice (Doc. 13-6) should likely include a more accurate statement of the position of Alston Personal Care Services. Specifically, the notice simply states that "Alston Personal Care denies these allegations." (Doc. 13-6 at 2.) Alston Personal Care has done more than deny allegations; Defendants have alleged a substantial issue with respect to time cards that were submitted and further asserted these overstatements as defenses. This is not a straightforward class action but instead is one in which FLSA Collective Plaintiffs may have to appear, testify, and prove their entitlement to recovery and may not be able to rely simply upon Plaintiff's success with respect to the allegedly erroneous policy. It appears to this court, in the interests of full disclosure, that those opting in to this case should have some idea of the full ramifications of opting in to this lawsuit.

As for the other issues that Defendants raise, "[t]he parties are directed to confer and submit a joint proposed notice consistent with the determinations set forth herein." See Ware, 2017 WL 1354143, at *4.

## IV. CONCLUSION

For the reasons expressed above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Conditionally Certify Collective Action, Approve Notice and Expedited Consideration (Doc. 12) **IS GRANTED IN PART** as to the 34 employees identified by Defendants as having been employed by Defendants during 2015 and 2016 and having worked more than 40 hours in a workweek and not been paid overtime.

**IT IS FURTHER ORDERED** that the parties meet and confer on the other aspects of Notice and a Notice form and report back to this court within 21 days of the entry of this Memorandum Opinion and Order. If the parties are not able to agree, this court will hold a hearing after receipt of the parties' respective positions.

This the 3rd day of August, 2017.

                                        /s/ William L. Osteen, Jr.
                                        United States District Judge